DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
DAVID J. WINTERTON & ASSOC., LTD.
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Telephone: (702) 363-0317
Facsimile: (702) 363-1630
david@davidwinterton.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| In re: | Case No. BK-S-16-14164-mkn |
|---|---|
| ROBERT B. MATTHEWS | Chapter 11 |
| Debtor. | |
| | Date:<br>Time: |

### DEBTOR'S PLAN OF REORGANIZATION

Debtor, ROBERT B. MATTHEWS (hereinafter, "Debtor"), by and through its counsel, David J. Winterton, Esq., of the law firm of DAVID J. WINTERTON & ASSOCIATES, LTD., hereby presents this Plan of Reorganization (hereinafter "Plan") to all of the known creditors of the Debtor pursuant to 11 U.S.C. § 1125 of the United States Bankruptcy Code. The purpose of this Plan under Chapter 11 of the Bankruptcy Code is to resolve the claims of the creditors and interest holders. The Debtor makes reference to an Amended Disclosure Statement accompanying the Plan (hereinafter, "Disclosure Statement") which contains the Debtor's history, business, property, financial information, a summary of the Plan and related matters.

### ARTICLE I.

### DEFINITIONS

1.  SCOPE OF DEFINITIONS. For purposes of this Plan, all capitalized terms and otherwise defined terms shall have the meanings assigned to them in this Article I. Whenever the context requires, such terms shall include the plural number as well as the singular and the female and/or masculine gender as well as the neuters. Paragraph 58 and 59 of this Article I, which are not capitalized terms in alphabetical order, provide for: (i) the incorporation of defined terms from the Bankruptcy Code or the

1

Bankruptcy Rules; and (ii) the incorporation of all definitions as substantive provisions of this Plan.

**1.1**    "ADMINISTRATIVE CLAIM" means every Claim which is alleged to be entitled to allowance under Section 503(b) of the Bankruptcy Code or otherwise alleged to be entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code. Such Claims will include, but are not limited to, the following: (a) any actual, necessary expense of preserving the Estate; (b) any amount required to be paid under Section 365(b) of the Bankruptcy Code in connection with the curing of defaults under executory contracts or unexpired leases; (c) all allowances, including professional fees and costs, which the Bankruptcy Court is requested to approve for professionals employed by the Debtor; (d) any and all other allowances of fees and costs, including professional fees and costs, which the Bankruptcy Court is requested to approve under Section 503(b) of the Bankruptcy Code; (e) all fees payable pursuant to Section 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at a hearing pursuant to Section 1128 of the Bankruptcy Code;

**1.2**    "ALLOWED ADMINISTRATIVE CLAIM" means an Administrative Claim (a) as to which no objection has been filed or, if an objection has been filed, it has been resolved by the allowance of such Administrative Claim by an order of the Bankruptcy Court which has not been stayed, modified or vacated; (b) which requires payment in the ordinary course of business of the Debtor and as to which there is no order of the Bankruptcy Court in effect which prohibits any such payment; or (c) which requires payment pursuant to an order of the Bankruptcy Court which is not stayed, modified, or vacated.

**1.3**    "ALLOWED CLAIM" means a Claim, other than an Administrative Claim, which was listed in the Schedules and filed with the Bankruptcy Court by the Debtor and not listed as a disputed, contingent or unliquidated as to amount of the claim or a Proof of Claim with respect thereto was (a) timely filed pursuant to an order of the Bankruptcy Court;( b) deemed filed under Section 1111(a) of the Bankruptcy Code; or (c) late filed with leave of the Bankruptcy Court; or without objection by the

Debtor, or another party in interest within a time fixed by the Bankruptcy Court for objecting to each late filing; and if an objection has been filed it was filed within a time fixed by the Bankruptcy Court or this Plan; (d) the Claim is allowed by a Final Order; or (e) the Claim is allowed under this Plan.

**1.4**  "ALLOWED INTEREST" means any Interest to which no objection to allowance thereof has been filed within any applicable time for objections or, if an objection has been filed, the Interest has been allowed by a Final Order.

**1.5**  "ALLOWED PRIORITY DEPOSIT CLAIM" means a Priority Claim which is an Allowed Claim pursuant to Sections 507(a)(7) of the Bankruptcy Code.

**1.6**  "ALLOWED PRIORITY CLAIM" means a Priority Claim which is an Allowed Claim pursuant to Sections 507(a)(2), (3), (4), (5), (6), (7) or (8) of the Bankruptcy Code.

**1.7**  "ALLOWED SECURED CLAIM" means a Secured Claim which is an Allowed Claim secured by a lien, security interest or other charge against the property in which the estate has an interest, or which is subject to set-off under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the interest of the holder of such secured Claim in the state's interest in such property, or to the extent of the amount subject to any set-off, as the case may be. An Allowed Secured Claim may include post-petition interest if permitted under Section 506 (b) of the Code. Allowed Secured Claims provide for the payment of attorney's fees and costs as provided by 11 U.S.C. Section 506.

**1.8**  "ALLOWED PRIORITY TAX CLAIM" means a Priority Claim which is an Allowed Claim pursuant to Sections 507(a)(8) of the Bankruptcy Code.

**1.9**  "ALLOWED UNSECURED CLAIM" means an Unsecured Claim which is an Allowed Claim.

**1.10**  "ASSUMPTION LIST" shall have the meaning set forth in Article V of this Plan.

**1.11**  "AVOIDANCE ACTION" means any adversary proceeding brought to seek the recovery of money or property on account of transactions avoidable under Section 544, 547, 548, 549 or 550 of the Bankruptcy Code.

**1.12**  "BALLOT" means the Ballot for accepting or rejecting this Plan in a form approved

3

by the Bankruptcy Court.

**1.13** "BANKRUPTCY CODE" means Title 11 of the United States Code, including any amendments thereto, which is in effect before and as of the Confirmation Date, and thereafter during the Reorganization Case to the extent that it is consistent with the vested rights under this Plan and the Confirmation Date.

**1.14** "BANKRUPTCY COURT" means the United States Bankruptcy Court for the District of Nevada, or any successor thereto which may be established by an act of Congress, or otherwise, and which has competent jurisdiction over the Reorganization Case, the Estate, and this Plan.

**1.15** "BANKRUPTCY RULES" means the Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075 and the Local Bankruptcy Rules, including any amendments thereto, which are in effect before and as of the Confirmation Date, and thereafter during the Reorganization Case to the extent that they are consistent with the vested rights under this Plan and the Confirmation Order.

**1.16** "BUSINESS DAY" means any day except Saturday, Sunday, or legal holiday as defined in Bankruptcy Rule 9006(a).

**1.17** "BAR DATE" means the date set by the Bankruptcy Court to file proof of claims which was November 30, 2018.

**1.18** "CASE" within the Chapter 11 proceeding, known as ROBERT B. MATTHEWS, Case No.16-14164-mkn pending before the United States Bankruptcy Court, District of Nevada.

**1.19** "CLAIM" means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured; or a right to an equitable remedy for breach of performance if such breach gives right to a right to payment, whether or not such right is an equitable remedy or is reduced judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.20** "CLAIMANT" means the holder of an Allowed Claim or an Allowed Administrative Claim.

4

**1.21** "CLASS" means each of the categories of Allowed Claims and Allowed Interests described in Article III and IV of this Plan as required under Section 1122 of the Bankruptcy Code.

**1.22** "CONFIRMATION" means the entry of the Confirmation Order by the Bankruptcy Court.

**1.23** "CONFIRMATION DATE" means the date on which the Confirmation Order is entered on the Bankruptcy Court's docket.

**1.24** "CONFIRMATION OF PLAN" means the day that the Court, in open court gives a ruling, that states that the Plan has been confirmed

**1.25** "CONFIRMATION ORDER" means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

**1.26** "CREDITOR" means any Person which asserts a Claim.

**1.27** "DEBTOR and DEBTOR-IN-POSSESSION" means ROBERT B. MATTHEWS in all its capacities, including its capacity as the Debtor in the Reorganization Case.

**1.28** "DEBTOR'S PROFESSIONALS" means professionals retained by the Debtor with the approval of the Bankruptcy Court in accordance with Section 327 of the Bankruptcy Code.

**1.29** "DEFICIENCY CLAIM" means the unsecured portion of an Allowed Secured Claim as determined by Section 506 of the Bankruptcy Code.

**1.30** "DISALLOWED CLAIM" means every Claim which is Disputed Claim that has been determined not to be an Allowed Claim.

**1.31** "DISCLOSURE STATEMENT" means the Disclosure Statement with respect to the Plan of Reorganization without limitations and all exhibits and schedules to such Disclosure Statement, in the form approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code and 3017 of the Bankruptcy Rules.

**1.32** "DISPOSABLE INCOME" is the current monthly income received by the Debtor less amounts reasonably necessary to be expended for the normal operations of the Debtor and maintenance and preservation of the Debtor's assets.

**1.33** "DISPUTED CLAIM" means every Claim which is not an Allowed Claim or an Allowed Administrative Claim or to which the Debtor in good faith intends to object or to seek to

5

subordinate before the deadline for taking such action set forth in the Plan or in an order of the Bankruptcy Court.

**1.34** "EFFECTIVE DATE" means date the Plan becomes effective which is thirty (30) days after the Confirmation Date or a date extended by the Bankruptcy Court.

**1.35** "ESTATE" means the estate created in this Reorganization Case pursuant to Section 541 and Section 1115 of the Bankruptcy Code.

**1.36** "ESTATE ASSETS" means all assets and property of every kind, nature and description in which the Debtor or the Estate has any right, title or interest under Section 541 and Section 1115 of the Bankruptcy Code including, but not limited to:  all cash, cash equivalent, bank deposits, instruments, credit instruments, certificates of deposits and sight drafts, earnings from services performed before and after the commencement of the case, all executory contracts and leases which are not and have not been rejected, personal property, real property, all trademarks, trade names, service marks, displays, symbols, color arrangements, designs and logos.

**1.37** "EXEMPT PROPERTY" means Debtor's assets that are exempt pursuant to Nevada law.

**1.38** "EXPIRATION DATE" means the last date determined by the Bankruptcy Court for the casting of Ballot which date shall be acceptable to the Debtor.

**1.39** "FINAL ORDER" means an order, judgment or other decree which has not been vacated, reversed, stayed, modified or amended and: (a) as to which any appeal or certiorari proceeding which has been or may be prosecuted has been finally decided, or (b) as to which the time for such an appeal or certiorari proceeding has expired and as to which no appeal or petition for certiorari is pending.  Notwithstanding the foregoing, the Debtor will have the right, but not the obligation, to waive any requirement of a Final Order or to treat the requirement as being satisfied where the subject order, judgment, or other decree is not stayed and performance thereof will moot any appeal or certiorari proceeding.

**1.40** "IMPAIRED"  means, when used with reference to a Claim or Interest, that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

**1.41** "INTEREST" means the interest(s) of the Debtor.

6

**1.42** "NON EXEMPT PROPERTY" means Debtor's assets that are not exempt pursuant to Nevada law.

**1.43** "ORDER" an order or Judgment of the Bankruptcy Court as entered by the Clerk of the Court on the docket in this Case.

**1.44** "PERSON" any natural person, corporation, general partnership, limited partnership association, joint stock company, joint venture, estate, trust, government or any political subdivision thereof, governmental unity (as defined in the Bankruptcy Code), official committee appointed by the United States Trustee or other legal entity.

**1.45** "PETITION DATE" means July 28, 2016, the date on which Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

**1.46** "PLAN" means the Plan of Reorganization in the form filed by the Debtor and any amendments or modifications thereof or supplements thereto filed by the Debtor and allowed by the Bankruptcy Code and the Bankruptcy Rules.

**1.47** "PRIORITY CLAIMS" means a Claim, other than an Administrative Claim or Priority Tax Claim or Priority Deposit Claim, entitled to priority under Section 507(a) of the Bankruptcy Code.

**1.48** "PRIORITY TAX CLAIM" means a Claim that is entitled to priority in payment under Section 507(a)(8) of the Code.

**1.49** "PRIORITY DEPOSIT CLAIM" means any Claim against the Debtor entitled to priority in payment under Section 507(a)(7).

**1.50** "PRO RATA SHARE" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

**1.51** "REORGANIZATION CASE" means the Debtor's case under Chapter 11 of the Bankruptcy Code which is currently pending before the Bankruptcy Court as Case No. 16-14164-mkn.

**1.52** "SCHEDULES" means the Schedules of Assets and Liabilities, as modified or amended from time to time, filed with the Bankruptcy Court by the Debtor in accordance with Section 521 of the Code and Bankruptcy Rule 1007.

**1.53** "SECURED CLAIM" means a Claim secured by a Lien which is valid, perfected,

7

enforceable and not avoidable.

**1.54**   "STATUTORY FEE" means those fees and charges assessed pursuant to  Chapter 123 of title 28, of the United States Code, payable to the OUST.

**1.55**   "UNCLASSIFIED CLAIM" means any Claim which is not part of any Class.

**1.56**   "UNIMPAIRED" means, when used with reference to a Claim or Interest, a Claim or Interest that is not imparted within the meaning of Section 1124 of the Bankruptcy Code.

**1.57**   "UNSECURED CLAIM" means any Claim which is not a Secured Claim, a Priority Claim, an Administrative Claim, or an Unclassified Claim having priority and required to be treated as provided in Sections 507(a)(8) and 1129(a)(9)(C) of the Bankruptcy Code. Allowed Unsecured Claims shall include all Claims arising under 502(g) of the Bankruptcy Code.

**1.58**   "OTHER DEFINITIONS." A term used in this Plan that is not defined in this Plan, but is defined in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning ascribed thereto in the Bankruptcy Code or Bankruptcy Rules.

**1.59**   "INCORPORATION OF DEFINITIONS." All of the definitions stated through this Article I, Sections 1.1 through 1.57, and all definitions incorporated from the Bankruptcy Code or the Bankruptcy Rules pursuant to Section 1.58, including, but not limited to, substantive provisions stated throughout any and all such definitions, are incorporated by reference as substantive provisions of this Plan.

**1.60**   "OTHER DEFINITIONS." A term used in this Plan that is not defined in this Plan.

## ARTICLE  II.

### TREATMENT OF UNCLASSIFIED CLAIMS

**2.1**   **General Overview.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payment as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

8

## 2.2   Unclassified Claims.

Certain types of Claims are not placed into voting Classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment as provided in the Bankruptcy Code. As such, the Debtor has not placed the following Claims in a Class. The treatment of these claims is provided below.

## 2.3   Administrative Expenses.

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 Case which are allowed under Section 507(a)(2) of the Bankruptcy Code. The Bankruptcy Code requires that all administrative claims be paid on the Plan Effective Date unless a particular claimant agrees to a different treatment. The following chart lists the estimated administrative claims and their treatment.

| NAME | AMOUNT OWED | TREATMENT |
| --- | --- | --- |
| US Trustee Fees | $0.00 | Paid in full on the Plan Effective Date |
| David J. Winterton & Associates, Ltd. | None at this time $20,000 est. | Paid in full on approval of an application |

Subject to the Bankruptcy Court's power to authorize or order earlier payment of Allowed Administrative Claims and Allowed Claim under Section 507(a), (including, but not limited to, allowances of professional fees and costs and fees relating to the assumption and rejection of leases), each Allowed Administrative Claim will receive cash in the amount of such Claim paid on: (a) the Effective Date; (b) the first Business Day following the date on which it becomes an Allowed Administrative Claim; (c) if incurred in the ordinary course of business, the date on which payment is due in accordance with the terms applicable thereto; (d) under such terms as the parties may agree upon for payment or (e) as allowed under Section 507 (a)(8) of the Bankruptcy Code. The Court must approve all professional fees and expenses listed in this chart before they may be paid. For all professional fees and expenses, except fees owing to the Office of the United States Trustee (also known as "OUST"), the profession in question must file and serve a

properly noticed fee application within ninety (60) days of Plan confirmation and the Court must rule on the reasonableness of the fees and costs in the fee application. Only the amount of the fees and expenses allowed by the Court will be required to be paid under the Plan. The administrative claim amounts set forth above simply represent the Debtor's best estimates as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower. Much of the actual administrative claims described above for professionals will be dependent upon whether the Debtor is required to engage in substantial litigation regarding the confirmation of the Plan and/or objecting to claims. By voting to accept the Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any of these administrative claims, and creditors are not waiving any of their rights to object to the allowance of any of these administrative claims. Similarly, professionals who have been employed in this case are not being deemed to have agreed that the figures contained herein represent any ceiling on the amount of fees and expenses that they have incurred or are entitled to seek to be paid pursuant to Court order as such fees and expenses are just estimates provided at the time of the preparation of this Plan.

A government unit is not required to file a request for the payment for amounts due under §§ 503(b)(1)(B)(i) and 503(b)(1)(C) and will be allowed administrative priority under § 507(a)(8) only to the extent that such claims are for– a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

To the extent allowed, administrative claims are allowed by the Bankruptcy Court prior to the Plan's Effective Date, such allowed administrative claims may be paid by the Debtor. To the extent the administrative claims are allowed after the Plan's Effective Date, such allowed administrative claims will be paid by as set forth in this Plan.

**2.4    Priority Deposit Claim.**

Priority Deposit Claims are certain unsecured claims arising from individuals placing a deposit with the Debtor before the commencement of the case, to the extent of $2,775.00, and that was used in connection with the purchase, lease or rental of property

or the purchase of services, for the personal family, or household use of such individuals. Section 507(a)(7) provides the full description of Priority Deposit Claims. The Debtor does not have any Priority Deposit Claims.

**2.5    Priority Tax Claims.** See 507(a)(8)(B)

The Debtor does not have any priority tax proofs of claim that have been filed. Priority tax Claims are certain unsecured taxes, fines, penalty as described in § 507(a)(8). The Debtor shall pay any outstanding taxes on the Effective Date if the Debtor has not already paid the taxes. If there are any additional taxes that need to be paid post confirmation, the payments will be made from the Debtor's income. If it is not a priority claim and secured, it will be paid upon the sale of the property. If it is not a priority claim and unsecured, it will be paid with the unsecured creditors.

**2.6    Payment of Statutory Fees.**

To the extent unpaid, on the Effective Date, the Debtor shall pay any then-outstanding Statutory Fees in cash, in full. From and after the Effective Date, the Debtor shall pay, in cash, all Statutory Fees as they come due.

## ARTICLE III.

## CLASSIFICATION OF CLAIMS AND INTERESTS

**3.1    Manner of Classification of Claims and Interests.**

All Claims and Interests (except, in accordance with Section 1123(a)(1) of the Code, Administrative Claims and Priority Tax Claims) are defined and hereinafter designated in respective Classes. The Plan is intended to deal with all Claims against the Debtor, and Interests of the Debtor. However, only Allowed Claims and Allowed Interests will receive any distribution under this Plan. Notwithstanding references to Allowed Claims in the Classes established by the following Sections of this Article III, the Claims sought to be classified and treated, in the various Classes, may not currently be Allowed Claims, and may be Disputed Claims. The Debtor reserves all rights in this regard.

**3.2    Classification.**

Claims and interests are divided into the following Classes:

11

1.    ***Class 1*** consists of all of the Allowed Secured Claims of Capital One on the real property commonly located at 47 Isleworth Dr. Henderson, Nevada 89052.

2.    ***Class 2*** consists of all of the Allowed Secured Claim of Capital One on the real property commonly located at 47 Isleworth Dr. Henderson, Nevada.

3.    ***Class 3*** consists of all of the Allowed Secured Claims of Wells Fargo dealer Services on a 2013 Chevy Tahoe.

4.    ***Class 4*** will consist of all Allowed Unsecured Claims.

5.    ***Class 5*** will consist of all Allowed Interests.

Any Class which is not occupied, as of the hearing on the Confirmation Date of the Plan, by an Allowed Claim or a Claim temporarily allowed pursuant to Bankruptcy Rule 3018 will be deemed deleted from the Plan for purposes of the voting on acceptance or rejection of the Plan.

## ARTICLE IV.

## TERMS OF THE PLAN AND TREATMENT OF THE CLASSIFIED CLAIMS

**4.1**    ***Class 1*** is unpaired. Class 1 consists of all of the Allowed Secured Claims of Bank of America on the real property commonly located at 47 Isleworth Dr. Henderson, Nevada 89052 (hereinafter, "Real Property") in the approximate amount of $1,000,000.00.

The Class 1 Claimant will continue to make their monthly payments on their residential mortgage and the Debtor is current in their monthly payments. The Class 1 Claimant will be paid the full amount of its secured claim in the amount of it secured claim.

**4.2**    ***Class 2*** is impaired. Class 2 consists of all of the Allowed Secured Claims of Capital One as a partially secured creditor on the Property located at 47 Isleworth Dr. Henderson, Nevada the Real Property. The Debtor will borrow $80,000.00 cash from a family member to pay off the second mortgage on the Real Property.

**4.3**    ***Class 3*** is unpaired. Class 3 consists of all of the Allowed Secured Claims of

12

Wells Fargo Bank on the 2013 Chevy Tahoe in the approximate amount of $40,000.00. This debt was co-signed by a daughter that is making the monthly payments and Wells Fargo Bank is current in its payments. Well Fargo will continue to be paid according to the terms and conditions of the contract.

**4.4     *Class 4*** is impaired. Class 4 Claimants shall consist of the Allowed Unsecured Claims that are unsecured claims not entitled to priority under Section 507(a). Generally, Class 4 shall consist of the Allowed Unsecured Claims for goods and/or services provided to the Debtor before the Petition Date, Allowed Unsecured Claims for breach of contract or rejection of executory contracts and unexpired leases (within the meaning of Section 365 of the Bankruptcy Code), Allowed Unsecured Claims for damages, and Allowed Unsecured Claims in respect of the deficiency Claims. Class 4 will be paid on a pro-rata basis from the Disposable Income of the Debtor for a period of sixty (60) months in quarterly payments.

**4.5     *Class 5*** is unimpaired and will consist of all Allowed Interests. The holders of the Allowed Interests shall retain their interest in the reorganized Debtor and their rights shall revert upon an order confirming the Plan in accordance with 11 U.S.C. Section 1129(b)(2)(c)(i).

Payments will be made in priority as established by the United States Bankruptcy Code including payments to Administrative Claims, Priority Claims and Allowed Unsecured Creditors in the order mandated by the Untied States Bankruptcy Code from the Debtor's Disposable Income.

## ARTICLE V.
## EXECUTORY CONTRACTS

**5.1**     All executory contracts and leases shall be rejected at Confirmation except for those listed on the Assumption List which is attached to the Disclosure Statement as "Exhibit 2". The Debtor may amend the Plan to add any other executory contracts and leases to the Assumption List at any time prior to the Effective Date; provided, however, that any amendments made after Confirmation shall be subject to approval by the Bankruptcy Court after notice and a hearing. All executory contracts and leases not listed

13

on the Assumption List, if any, or that is the subject of a motion to assume filed prior to Confirmation, shall be rejected at Confirmation.

**5.2**      Each party to an executory contract or unexpired lease which is rejected at Confirmation shall file, not later than thirty (30) days after the Confirmation Date, a proof of claim for any Claim arising from the rejection of such executory contract or unexpired lease. Allowed Unsecured Claims arising out of the rejection of executory contract or unexpired leases shall be treated as a Class 31 Claimants.

## VI.

## IMPLEMENTATION, EXECUTION AND EFFECT OF THE PLAN

**6.1**      **Implementation of the Plan.**   The Debtor proposes to implement and consummate the Plan through the means contemplated by sections 1123(a)(5)(B), (D), (E), and (G), 1123 (b)(1), 1123 (b)(2), 1123 (b)(3), 1123 (b)(4), and 1123 (b)(6) of the Bankruptcy Code.  Confirmation and implementation of the Plan is also subject to the Bankruptcy Court's approval.

**6.2**      **Funding of the Plan.**

      A.      **Debtor's Disposable Income**.  The Debtor will take its Disposable Income from the rental proceeds for the execution of the Plan.  The Debtor shall pay its Disposable Income towards Plan payments, paid quarterly for a period of five (5) years from the Effective Date.

**6.3**      **Disposition of Estate Property and Assets on Effective Date.**   The Debtor will become the Plan Administrator of the assets of the Estate on the Effective Date.  The Plan Administrator will then take each and every step it deems appropriate to effectuate the terms and conditions of this Plan.  The Plan Administrator will then disburse the funds to satisfy the Claims in accordance with this Plan.

## ARTICLE VII.

## MANAGEMENT

**7.1**      On and after the Effective Date, the Debtor will maintain the responsibility and control of the assets free of the constraints of the Bankruptcy Code and Bankruptcy Rules but in compliance with the provisions of the Plan as the Plan Administrator.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARTICLE VIII.
## MODIFICATION OF THE PLAN

**8.1**     Before Confirmation, the Debtor may modify the Plan in accordance with Sections 1127(a), (c) and (d) of the Bankruptcy Code.

**8.2**     The Plan may be modified by the Debtor after Confirmation, but before substantial consummation, in accordance with Sections 1127(b), (c), and (d) of the Bankruptcy Code.

**8.3**     In accordance with Section 1127(e), the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtor, the United States Trustee, or a holder of an allowed unsecured claim, to–

    a.     Increase or reduce the amount of payments on claims of a particular class provided for by the Plan;

    b.     Extend or reduce the time period for such payments; or

    c.     Alter the amount of the distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of such claim made other than under the Plan.

**8.4**   Before the Effective Date, the Debtor may make appropriate technical adjustments and modifications to the Plan, the Disclosure Statement, and the Confirmation Order provided that such technical adjustments and modifications do not adversely affect the treatment of Claimants under the Plan.

## ARTICLE IX.
## DISCHARGE

**9.1**     On the Effective Date, all of the Assets and the Estate Assets (except as designated) shall vest in the Debtor.  The Assets and the Estate Assets shall vest free and clear of all Claims, equity security interests, Liens and encumbrances of Creditors, equity security holders, the Debtor, the Estate, or any other Persons, except the rights with respect thereto created pursuant to or provided for in this Plan or in the Confirmation Order.

**9.2**     Except as otherwise provided in this Plan or the Confirmation Order, the

distributions made pursuant to this Plan will be in full and final satisfaction, settlement, release and discharge as against the Debtor and its Estate, of any debt that arose prior to the Effective Date, including any debt of a kind specified in Section 502(h), (g) or (i) of the Bankruptcy Code, and all Claims of any nature, including without limitation, any interest accrued thereon from and after the Petition Date, whether or not (a) a proof of claim or interest based on such debt, obligation or interest is filed or deemed filed under Section 501 or Section 1111(a) of the Bankruptcy Code, (b) such Claim or interest is allowed under Section 502 of the Bankruptcy Code or (c) the holder of such Allowed Claim or Common Interest has accepted this Plan.

**9.3**     On and after the Effective Date, except as provided in this Plan and the Confirmation Order, all holders of Claims against the Debtor or the Estate, shall be precluded from asserting any type of claim against the Debtor, or any of the Debtor's assets or properties, or other activity of any kind or nature that occurred prior to the Effective Date, and the Confirmation Order shall permanently enjoin said holders, their heirs, personal representatives, successors and assigns from enforcing or seeking to enforce any such Claims against the Debtor.

**ARTICLE X.**

**GENERAL PROVISIONS**

**10.1     Abstention.** If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to this Reorganization Case, Section X shall not affect and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**10.2     Confirmation by Non-Acceptance Method.** The Debtor hereby requests confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code with respect to any Class which is impaired and does not vote to accept the Plan.

**10.3     Construction**. The rules of construction set forth in Section 102 of the Bankruptcy Code will apply to the construction of the Plan.

**10.4    Continuing Jurisdiction**.  The Bankruptcy Court will retain jurisdiction under 28 U.S.C. §1930(a)(6) for the following purposes:

**Allowance of Claims or Interests**. To hear and determine any and all objections to the allowance of and requests to subordinate any Claim or any controversy over the classification thereof;

**Applications for Compensation.** To hear and determine any and all applications for compensation or reimbursement of costs and expenses pursuant to Section 330 or Section 1129 of the Bankruptcy Code or as otherwise provided for in the Plan, or for costs and expenses or compensation pursuant to Sections 503(b)(3) through 503(b)(5) of the Bankruptcy Code;

**Executory Contracts and Expired Leases.** To hear and determine any and all matters relating to the rejection or the assumption and assignment of executory contracts or unexpired leases, and the allowance or disallowance of any Claims resulting therefrom;

**Rights of Action**.  To hear and determine all rights of action and any adversary proceeding arising out of a right of action and to enable the Debtor  to commence and prosecute after Confirmation any and all contested matters or adversary proceedings which they are entitled to pursue.

**Claims Allowance**.  To liquidate, estimate, or disallow any Disputed Claim (including contingent or unliquidated Claims) which is not an Allowed Claim;

**Correct Minor Defects.** To correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and the intent of the Plan;

**Governmental Regulatory Issues**.  To hear and determine all issues relating to, and to issue any necessary and appropriate orders with respect to, any governmental or regulatory agencies or instrumentalities;

**Plan Interpretation.** To determine any and all disputes which may arise regarding the interpretation of any provisions of the Plan or the Confirmation Order;

17

**Injunctive Relief.** To issue any injunction or other relief appropriate to implement the intent of this Plan.

**Enforcement of Plan.** To facilitate consummation of the Plan by entering, consistent with the provisions of the Plan, any further necessary or appropriate order(s) regarding enforcement of the Plan or its provisions;

**Final Decree.** To enter an appropriate final decree in the Reorganization Case; in the event of an appeal(s) of the Confirmation Order, and provided that no stay of the effectiveness of the Confirmation Order has been entered, to implement and enforce the Confirmation Order and the Plan according to their terms;

**10.5     Cramdown.** In the event that any impaired Class is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, Debtor may invoke the provisions of Section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of the Plan. The Debtor reserves the right to modify this Plan to the extent, if any, that Confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

**10.6     Disputed Claims.** Any Disputed claims will be handled as follows:

1.     Unless an earlier time is set by order of the Bankruptcy Court or in this Plan, all objections to Claims will be filed by sixty (60) days after the Confirmation Date.

2.     Upon a Final Order of the Bankruptcy Court with respect to a Disputed Claim: if any part of the Disputed Claim has been allowed as a Class 1 through 18 and is not subject to being subordinated, the Claimant will receive payment to which it would have been entitled if the part of the Claim so allowed had been allowed as of the Confirmation Date. Such payment will be made as soon as possible after the order allowing the Claim becomes a Final Order;

18

3. After allowance, and to the extent allowed and not subordinated or subject to subordination, the previously Disputed Claim will be treated, for purposes of receiving subsequent distributions (if any), as if it had been allowed as of the Confirmation Date.

**10.7** **Efficacy Before Confirmation**. This Plan will have no force or effect unless the Bankruptcy Court enters the Confirmation Order.

**10.8** **Exculpation**. Except as otherwise provided in the Plan, the Debtor, nor any of its respective members, officers, directors, employees, representatives, professionals, or agents, will have or incur any liability to any Creditor for any act or omission in connection with, or arising out of, this Reorganization Case, including, without limitation, prosecuting confirmation of the Plan, consummation of the Plan, or administration of the Plan or the property to be distributed hereunder, except for gross negligence, willful misconduct, or fraud, and in all respects such Persons will be entitled to rely on the advice of counsel with respect to their duties and responsibilities in the Reorganization Case and under the Plan.

**10.9** **Execution of Documents**. The Bankruptcy Court will direct the Debtor, any Creditor, and any other necessary party to execute and deliver or to join in the execution and delivery of any instrument required to effect a transfer or deemed transfer of property dealt with by the Plan or to perform any other act which is necessary for the consummation of the Plan, pursuant to Section 1142(b) of the Bankruptcy Code.

**10.10** **Fractional Dollars and Shares.** Notwithstanding any other provision of the Plan, no payments of or on account of fractions of dollars will be made to any holder of an Allowed Claim. When any payment of or on account of a fraction of a dollar to any holder of a Claim would otherwise be called for, the actual payment made will reflect a rounding of such fraction to the nearest whole number (up or down). Further, no fractional shares will be issued.

**10.11** **Governing Law**. Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan will be governed by, and will be construed and enforced in accordance with, the laws of the State of Nevada.

**10.12**      **Headings**.  Headings used in the Plan are inserted for convenience only and do not constitute a portion of the Plan or affect the provisions of the Plan.

**10.13**      **Internal Consistency of Documents**.  The benefits of the Debtor's bargains on behalf of its constituents will be preserved, and will not be impaired by contrary or inconsistent covenants, conditions, or provisions of the documents.

**10.14**      **Notices**.  All notices and requests to the Debtor (on or after the Effective Date) with respect to the Plan shall be in writing and shall be sent to David J. Winterton Esq., David J. Winterton & Associates Ltd., 1140 N. Town Center Drive, Suite 120, Las Vegas, Nevada 89144.

**10.15**      **Request for Payment of Administrative Claim**.  Except as specifically set forth otherwise in the Plan, each Creditor asserting an Administrative Claim excluding Debtor's counsel, other than an Allowed Administrative Claim, shall file a request for payment of Administrative Claim on or before thirty (60) days after the Effective Date, unless another date is set by the Bankruptcy Court.  All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan pursuant to 11 U.S.C. § 1129(a)(12).

**10.16**      **Reservation of Rights**.  Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking of any action by the Debtor with respect to the Plan will be or will be deemed to be an admission or a waiver of any rights prior to the Confirmation Date.

**10.17**      **Revocation or Nullity of Plan and Survival of Vested Rights**.  If the Plan will be revoked or withdrawn by the Debtor, or if Confirmation or the Effective Date does not occur in accordance with the Plan, then the Plan will be deemed null and void.

**10.18**      **Severability**.  If any provision in the Plan is determined to be unenforceable, and at the option and in the sole discretion of the Debtor, the unenforceable provision may be severed from the Plan; and such determination will not limit or affect the enforce ability of any and all other provisions of the Plan.

**10.19        Solicitation or participation.** Pursuant to section 1125(e) of the Bankruptcy Code the Property, managers, officer, direction employee, agents advisors, representative, successors or assign and any Professional employed or any of the foregoing entities will neither have nor incur any liability to any person for their role in soliciting acceptance or rejection of the Plan.

**10.20        Successors and Assigns**. The rights, benefits, and obligations of any Person named or referred to in the Plan will be binding upon, and will inure to the benefit of, the heirs, personal representatives, successors, and assigns of such Person.

**10.21        Time Bar to Cash Payments.** Checks issued by any Person making distributions under this Plan shall be null and void if not cashed within ninety (90) days of the date of issuance thereof.   Any Claim in respect of such a voided check shall be made on or before the later of the first anniversary of the date of issuance of such check.  After such date, all Claims in respect of voided checks shall be discharged and forever barred.

**10.22        Voting of Claims**.  Any Creditor holding a Claim which has been objected to and which is not an Allowed Claim as of the confirmation hearing will not be entitled to vote on the Plan unless, upon request of the Creditor, the Bankruptcy Court estimates or temporarily allows such Claim for voting purposes at or before the confirmation hearing. The Expiration Date shall be five (5) business days before the Confirmation Date.

**10.23        Withholding and Reporting Requirements**.  In connection with the Plan the Debtor shall file all post-petition reports as required by Local Rule 3020(a), with each report to include the time period ending on the last day of the calendar month at least thirty (30) days prior to the due date of such report.  In addition the Debtor  will comply

*/ / / /*

*/ / / /*

*/ / / /*

*/ / / /*

21

with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority; and all distributions under the Plan will be subject to any such withholding and reporting requirements.

DATED this ____th day of October, 2018.

By: ____/s/ Robert Matthews_____
Robert Matthews

Prepared and submitted by:

DAVID J. WINTERTON & ASSOCIATES, LTD.

By: ____/s/ David J. Winterton
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
*Attorneys for Debtor*